UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN KEITH ABNER,<br><br>  Plaintiff,<br>  v.<br><br>FRANCISCO HERNANDEZ #3746, THE SAN JOSE CALIFORNIA POLICE DEPARTMENT INTERNAL AFFAIRS,<br><br>  Defendant. | Case No.: 13-CV-01121-LHK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS |

Plaintiff Brian Keith Abner ("Mr. Abner" or "Plaintiff"), who is currently hospitalized at the Metropolitan Hospital Center in New York and is proceeding *pro se*, has filed an action under 42 U.S.C. § 1983. The Complaint's case caption identifies the following Defendants:

  The San Jose California Police Department
  Internal Affairs
   Mr. Francisco Hernandez # 3746

The Complaint's section identifying defendants identifies only one defendant, "Mr. Francisco Hernandez #3746." However, in the statement of the claim, Mr. Abner alleges that FBI agents and police officers violated his civil rights. As such, it is not clear who the defendants are in this case.

Before the Court is Mr. Abner's Motion to Appoint Counsel. *See* ECF No. 11. Having considered Mr. Abner's submission and the relevant law, and for good cause shown, the Court hereby DENIES Mr. Abner's Motion to Appoint Counsel. However, in light of Mr. Abner's lack

1

of funds, the Court hereby GRANTS Mr. Abner's Request to Proceed *In Forma Pauperis*. *See* ECF No. 1.

## I. BACKGROUND

Mr. Abner filed his Complaint and his Request to Proceed *In Forma Pauperis* on February 28, 2013 in the Southern District of New York. *See* ECF No. 1 ("IFP Request"); ECF No. 2 (Complaint). On March 20, 2013, the case was transferred to the undersigned judge in this District. *See* ECF Nos. 6, 7. When transferring this case to the Northern District of California, Chief Judge Loretta Preska of the Southern District of New York declined to rule on Mr. Abner's IFP request. *See* ECF No. 6, at 2 ("Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.").

Mr. Abner amended his Complaint on March 18, 2013, April 11, 2013, and April 18, 2013. *See* ECF Nos. 9, 10, 12. Mr. Abner's allegations include, among other things, claims that officers from the San Jose Police Department falsely arrested and threatened him. *See* Third Amended Complaint ("TAC"), ECF No. 12, at 9-12. Mr. Abner also alleges that Defendant Francisco Hernandez failed to adequately investigate Mr. Abner's complaints against members of the San Jose California Police Department, and that Defendant tampered with evidence related to Mr. Abner's complaints. *See id.*; *see also* ECF No. 6. Mr. Abner seeks damages of $100,000,000,[1] dismissal of his probation and police registration, and correction of his sex offender status. *See* TAC at 15.

On April 11, 2013, Mr. Abner filed his Motion to Appoint Counsel. ECF No. 11 ("Mot."). At the June 19, 2013 Case Management Conference and in the Court's subsequent Case Management Order, the Court referred Mr. Abner to the Federal Legal Assistance Self-Help Center ("FLASH"), located at the San Jose Federal Courthouse, 280 South 1st Street, 2nd Floor, Room 2070, San Jose, CA 95113. *See* ECF No. 14. FLASH can be contacted by telephone at 408-297-1480.

---

[1] This figure is inconsistent throughout Mr. Abner's filings.

## II. ANALYSIS

### A. Motion for Appointment of Counsel

Mr. Abner requests the appointment of counsel based on his indigent status. *See* Mot. at 1-2. Mr. Abner does not provide any additional justifications for the appointment of counsel. *Id.*

It is well established that "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority to "require an unwilling attorney to represent an indigent litigant in a civil case." *Mallard v. United States District Court*, 490 U.S. 296, 298 (1989). However, district courts do have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See* 15 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances.") (internal quotation marks and citation omitted); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under [Section 1915(e)(1)] is discretionary, not mandatory.").

"A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

At this time, the Court does not find that exceptional circumstances exist so as to justify an appointment of counsel. Specifically, the Court finds that Mr. Abner is unlikely to succeed on the merits because his Complaint consists largely of conclusory allegations that lack factual support. Several of Mr. Abner's claims, such as his claims of false arrest and unlawful detention, are based upon his implausible belief that an FBI agent "clone" of Mr. Abner committed Mr. Abner's prior offenses and orchestrated a conspiracy to frame him. *See* TAC at 4, 8, 9, 11. While Mr. Abner

3

Case No.: 13-CV-01121-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

does make two allegations that are conceivable—that Defendant Hernandez did not give Mr. Abner the opportunity to describe the appearance of one of the two police officers who allegedly threatened him, and that two FBI agents told Mr. Abner that Defendant Hernandez tampered with the tape recorder evidence of his complaints, *see* TAC at 3-4, 6—the Court does not find these two allegations sufficient to demonstrate that Plaintiff will likely prevail on the merits. Moreover, Mr. Abner's legal claims, and the factual bases for those claims, are not so complex as to require the appointment of counsel. The Court believes that, should this case proceed to trial, the issues will be relatively straightforward and will turn in large part on the trier of fact's estimation of Mr. Abner's and the officers' credibility.

Thus, the Court finds that Mr. Abner has not provided a showing of "exceptional circumstances," and appointment of counsel would not be an appropriate use of scarce judicial resources at this stage of the proceedings. Accordingly, the Court DENIES WITHOUT PREJUDICE Mr. Abner's Motion to Appoint Counsel.

### B.     Request to Proceed *In Forma Pauperis*

Mr. Abner also requests to proceed *in forma pauperis*. *See* IFP Request at 1. Pursuant to 28 U.S.C. § 1915(a)(1), a court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor" by a person who submits an affidavit that includes a statement of the person's assets and shows why the person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Mr. Abner has made such a showing here based on the fact that he is currently unemployed, receives only social security benefits, and has no money or assets. *See* IFP Request at 1-2.

Section 1915(e)(2) additionally requires that the court dismiss an action brought *in forma pauperis* if the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." Although the Court finds that Mr. Abner's claims are unlikely to prevail on the merits, the Court cannot say the action is so frivolous or insincere as to deny *in forma pauperis* status. Therefore, the Court GRANTS Mr. Abner's Request to Proceed *In Forma Pauperis*.

Case No.: 13-CV-01121-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Abner's Motion to Appoint Counsel with leave to amend, and GRANTS Mr. Abner's Request to Proceed *In Forma Pauperis*.

**IT IS SO ORDERED.**

Dated: July 24, 2013

_____
LUCY H. KOH
United States District Judge